# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AHMED FAWY and NEDAA ELGIZAWY, ) ) ) | |
| Plaintiffs, ) ) ) | CIVIL CASE NO.: |
| v. ) ) | _____ |
| GALVAN DRIVER SERVICE, LLC and GUSTAVO D. GALVAN, ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Galvan Driver Service, LLC, a single-member limited liability company based in the Commonwealth of Massachusetts, and Gustavo D. Galvan ("Defendants"), a citizen, domicile, and resident of the Commonwealth of Massachusetts, who is the sole member of the Galvan Driver Service, LLC, give notice of the removal of this action from the State Court of Dekalb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and because Defendants are diverse from Plaintiffs Ahmed Fawy and Nedaa Elgizawy ("Plaintiffs"), who are

citizens, residents, and domiciles of the State of Georgia.

In support of this removal, Defendants state as follows:

## I.     NATURE OF THE CASE

1. On January 26, 2022, Plaintiffs filed a complaint in the State Court of Dekalb County, naming as Defendants. *See* **Ex. A.**, Complaint.

2. The Complaint arises out of an automobile accident that occurred on August 6, 2021. *See generally* Ex. A, Compl., at ¶ 9.

3. Although the Complaint alleges that Plaintiffs are citizens, residents, and domiciles of the State of Georgia and that the Defendants are citizens, residents, and domiciles of the Commonwealth of Massachusetts, the Complaint does not allege an amount for damages. *See generally* Ex. A, Compl., at ¶¶ 1-9.

4. Defendants were served with the Complaint on March 10, 2022. *See* **Ex. B,** Returns of Service.

5. Defendants timely filed responsive pleadings in state court. and no further proceedings have been taken.

6. Because the parties had diverse citizenships, Defendants served requests for admissions on Plaintiffs to determine whether the Plaintiffs were seeking damages of $75,000.00 or more.

7. On May 23, 2022, Plaintiffs responded that they are seeking $75,000.00

or more in damages. *See* **Ex. C.**, Plaintiffs' Responses to Defendants' Request for Admissions.

**REMOVAL IS TIMELY AND PROPER**

8.  This Notice of Removal is filed within thirty (30) days of service of Plaintiffs' Responses to Defendants' Request for Admissions, which is an "other paper" under 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013) (quoting 28 U.S.C. § 1446(b)(3)) (internal footnotes and citations omitted).

Under 28 U.S.C. § 1446(b)(3), numerous types of documents have been held to qualify as "other paper" from which it may be ascertained that the case is removable. *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *see also Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989) (holding that the plaintiff's response to the defendant's requests for admission is "other paper" under § 1446(b)(3)); *Kaioshai v. Circle K Stores, Inc.*, No. 2:14-CV-170-FTM-29CM, 2014 U.S. Dist. LEXIS 82275, 2014 WL 2744888, at *1 (M.D. Fla. June 17, 2014) (holding that the plaintiffs interrogatory answers are

"other paper" under § 1446(b)(3)).

9. Pursuant to 28 U.S.C. § 1441, Defendants remove this Action to the District Court of the United States for the district embracing the place where the action is pending. The Northern District of Georgia embraces the State Court of Dekalb County, Georgia, the place where this action was pending; further, Dekalb County is encompassed within the Atlanta Division of the Northern District of Georgia.

10. A copy of the entire file of the State Court of Dekalb County, which includes all pleadings, process, and orders filed, is attached as **Exhibit "D."**

11. In addition, as required by 28 U.S.C. § 1446(d), Defendants have provided written notice of filing of this Notice of Removal to Plaintiffs.

12. Defendants have also filed a copy of this Notice with the clerk of the state court from which this action has been removed.

13. There is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

A. **There is a Complete Diversity of Citizenship Between Plaintiffs and Defendants**

14. The Complaint demonstrates the complete diversity of citizenship between Plaintiffs and Defendants, *i.e.*, that Plaintiffs are citizens, residents, and domiciles of Georgia and Defendants are citizens, residents, and domiciles of states,

commonwealths, or countries other than Georgia. *See* Ex. A., Compl. at ¶¶ 1-9.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interests.**

15.     The Complaint demands a variety of damages but does not demand a specific dollar amount. *See* Ex. A., Compl., at ¶¶ 31-39 and prayers (a) through (e)

16.     When a plaintiff pleads "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the. . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Put another way, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17.     By serving Defendants' Request for Admissions and Plaintiffs' Responses thereto, Defendants have established that Plaintiffs seek more than the jurisdictional threshold of $75,000.00. *See* **Ex. C**, Plaintiff's Responses to Defendants' Request for Admissions (Request No. 9. - Admit that as the date of answering these Request for Admissions, your damages exceed $75,000.00, exclusive of fees and costs, in this matter. RESPONSE: Admit.)

18.     Therefore, removal of this action is proper because there is a complete diversity of citizenship between Plaintiffs and Defendants, and the amount in

controversy exceeds $75,000.

**C.      Any Pending Discovery Served in the State Court Action is Rendered Not Answerable By Removal.**

19.    A plain reading of Federal Rule of Civil Procedure 26 provides that parties may not seek discovery before they have participated in a Rule 26(f) conference. *Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 U.S. Dist. LEXIS 61206, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013)(citing Fed. R. Civ. P. 26(d)(1)); *see also Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 U.S. Dist. LEXIS 122809, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010) (holding that discovery served in state court prior to removal to federal court is not permitted under the Federal Rules of Civil Procedure prior to the Rule 26(f) conference except in those limited circumstances involving cases exempt from the requirement of Rule 26(d) or when authorized by stipulation or court order); *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08-cv-600-HSO-LRA, 2009 U.S. Dist. LEXIS 65466, 2009 WL 2058867, at *2 (S.D. Miss. July 10, 2009) (holding that any discovery propounded in state court before a suit is removed is no longer answerable following removal)

**II.    CONCLUSION**

20.    By removing the action to this Court, Defendants do not waive any defenses, objections or motions available to it under state or federal law. Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to

Rule 9 and Rule 12 of the Federal Rules of Civil Procedure.

21.    As detailed above, all requirements and jurisdictional thresholds have been met to remove this action to this Court on the basis of diversity jurisdiction. Accordingly, Defendants respectfully remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for trial and determination of all issues.

Respectfully submitted this 3rd day of June, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Michael J. Goldman
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendants*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (855) 889-4588
E-mail:     mgoldman@hpylaw.com
            canderson@hpylaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AHMED FAWY and NEDAA ELGIZAWY, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CIVIL CASE NO.: |
| v. ) ) | _____ |
| GALVAN DRIVER SERVICE, LLC ) and GUSTAVO D. GALVAN, ) ) | |
| Defendants. ) | |

**CERTIFICATE OF COUNSEL**

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa, and LR 7.1(D), NDGa. Specifically, counsel certifies that he has used 14-point Times New Roman New as the font in these documents.

This 3rd day of June, 2022.

                                                       **HAWKINS PARNELL & YOUNG, LLP**

                                                      */s/ Michael J. Goldman*
                                                      Michael J. Goldman
                                                      Georgia Bar No. 300100
                                                      Carl H. Anderson, Jr.
                                                      Georgia Bar No. 016320

                                                      *Attorneys for Defendants*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
E-mail: mgoldman@hpylaw.com
canderson@hpylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| AHMED FAWY and NEDAA ELGIZAWY, ) ) ) Plaintiffs, ) ) v. ) ) GALVAN DRIVER SERVICE, LLC ) and GUSTAVO D. GALVAN, ) ) Defendants. ) | CIVIL CASE NO.: _____ |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the within and foregoing **NOTICE OF REMOVAL** on all parties to this action by electronic service and/or by placing a copy of the same in the United States Mail with sufficient postage thereon to ensure delivery to the following addressee(s):

Tim O. Henshaw, Esq.
ALI AWAD LAW, P.C.
200 Peachtree Street NW, Suite 201
Atlanta, GA 30303
tim@aliawadlaw.com

- 1 -

30998455v1

This 3rd day of June, 2022.

            **HAWKINS PARNELL & YOUNG, LLP**

            */s/ Michael J. Goldman*
            Michael J. Goldman
            Georgia Bar No. 300100
            Carl H. Anderson, Jr.
            Georgia Bar No. 016320

            *Attorneys for Defendants*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
E-mail:  mgoldman@hpylaw.com
      canderson@hpylaw.com