# EXHIBIT "A"

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| AHMED FAWY and NEDAA ELGIZAWY,<br><br>　　　　　Plaintiffs,<br>v.<br><br>GALVAN DRIVER SERVICE, LLC and<br>GUSTAVO D. GALVAN,<br><br>　　　　　Defendants. | CIVIL ACTION<br>FILE NO.: 22A00312 _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Ahmed Fawy and Nedaa Elgizawy, Plaintiffs, and hereby files this complaint against Defendants, Galvan Driver Service, LLC and Gustavo D. Galvan, and respectfully shows the court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Ahmed Fawy ("Plaintiff") is a resident of Gwinnett County, Georgia and is subject to the venue and jurisdiction of this Court.

2.

Plaintiff Nedaa Elgizawy ("Plaintiff's Spouse") is a resident of a Gwinnett County, Georgia and is subject to the venue and jurisdiction of this Court.

3.

Defendant Galvan Driver Service, LLC ("Galvan Driver Service") is an interstate motor carrier and foreign "for-profit" profit limited liability company existing under the laws of the state of Massachusetts with its principal place of business in New Bedford, Massachusetts, and may be

[1]

served through its registered agent, 242 State Street, Apt. 2, New Bedford, MA 02740, and is subject to the venue and jurisdiction of this Court as a joint tortfeasor pursuant to the Georgia Nonresident Motorists Act, O.C.G.A. § 40-12-1 *et seq,* and O.C.G.A. § 9-10-91, as well as O.C.G.A. § 14-2-510, *et seq.*

4.

At all times material hereto, Defendant Galvan Driver Service was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia.

5.

At all times material to this action, Defendant Galvan Driver Service was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

6.

Defendant Gustavo D. Galvan ("Defendant Gustavo Galvan") is a resident of Bristol County, Massachussetts and is subject to the venue and jurisdiction of the Court pursuant to O.C.G.A. § 9-10-31 as a joint tortfeasor.  Defendant Gustavo Galvan may be served with a copy of the complaint and summons at 242 State Street, Apt. 2, New Bedford, MA 02740.

7.

At all times material hereto, Defendant Gustavo Galvan was operating a commercial motor vehicle as a professional, licensed driver charged with a duty to operate commercial motor vehicle with the requisite professional standard of care.

8.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

9.

On or about August 6, 2021, at approximately 10:00 a.m., Plaintiff was traveling eastbound on Interstate 285 (I-285) in Dekalb County, Georgia.

10.

On or about the same day and time, Defendant Gustavo Galvan was operating a tractor-trailer owned by himself while within the course and scope of his employment as a driver for Defendant Galvan Driver Service.

11.

On this date and time, Defendant Gustavo Galvan was driving eastbound Interstate 285 (I-285) in Dekalb County, Georgia, beside Plaintiff's motor vehicle.

12.

On this date and time, Defendant Gustavo Galvan negligently drove his tractor-trailer directly into the driver's side of Plaintiff's vehicle, causing extensive property damage.

13.

Defendant Gustavo Galvan was failing to keep a proper lookout ahead.

14.

Defendant Gustavo Galvan improperly changed lanes.

15.

As a result of the collision, Plaintiff suffered bodily injury.

16.

There was nothing Plaintiff could have done to avoid the collision.

[3]

17.

As a result of the collision, Plaintiff's property was severely damaged and rendered unusable.

## COUNT I

## NEGLIGENCE AND *NEGLIGENCE PER SE* OF DEFENDANT GUSTAVO GALVAN

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At all times material hereto, Defendant Gustavo Galvan was a professional driver with a commercial driver's license operating a commercial motor vehicle under the Georgia laws and regulations for such drivers as well as the Federal laws and regulations for such drivers.

20.

Defendant Gustavo Galvan was negligent in the following manner:

(a) improperly changing lanes in violation of O.C.G.A. §40-6-48;

(b) failure to exercise due care in violation of O.C.G.A. § 40-6-241;

(c) failing to maintain a proper lookout; and

(d) in any other manner which may be shown at trial.

21.

Defendant Gustavo Galvan was further negligent in failing to exercise due care in the operation of his tractor-trailer and in colliding with Plaintiff's vehicle.

[4]

22.

Defendant Gustavo Galvan's negligence is the sole and proximate cause of the collision and of Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

At the time of the collision, Defendant Gustavo Galvan was under dispatch for Defendant Galvan Driver Service.

25.

At the time of the subject collision, Defendant Gustavo Galvan was operating his vehicle on behalf of Defendant Galvan Driver Service.

26.

Defendant Galvan Driver Service is an interstate contract motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Gustavo Galvan in regard to the collision described in this complaint under the doctrine of lease liability, agency, apparent agency, *respondeat superior* or any combination thereof.

[5]

## COUNT III

## NEGLIGENT HIRING, RETENTION, TRAINING & SUPERVISION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant Galvan Driver Service was negligent in failing to put Defendant Gustavo Galvan through proper training to operate the commercial tractor-trailer.

29.

Defendant Galvan Driver Service was negligent in continuing to allow Defendant Gustavo Galvan to operate as a tractor-trailer driver upon receipt of prior knowledge that he was unsafe, not properly trained, or otherwise unfit to drive a tractor-trailer.

30.

Defendant Gustavo Galvan, as owner of Galvan Driver Service, LLC, was negligent in not hiring and retaining a properly trained tractor-trailer driver for Galvan Driver Service, LLC, and entrusting himself with driving a commercial vehicle and failing to get proper training was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## DAMAGES

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent bodily injury.

33.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expense.

34.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages.

35.

As a result of Defendants' negligence, Plaintiff's property has been damaged and Plaintiff has not been compensated.

36.

As a result of Defendants' negligence, Plaintiff's spouse has suffered damages in the form loss of service and loss of consortium from Plaintiff due to his bodily injuries.

37.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT V

## PUNITIVE DAMAGES

38.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 37 above as if fully restated.

[7]

39.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiffs pray that they have trial on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) The Plaintiff recover for physical damage and destruction of his property in an amount to be proven at trial;

(d) That Plaintiff's spouse recover for loss of consortium damages in an amount to be determined by the enlightened conscience of the jury;

(e) That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

(f) That Plaintiffs recover such other and further relief as is just and proper; and

(f) That all issues be tried before a jury.

This the 26th day of January, 2022.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW

[8]

STATE COURT OF
DEKALB COUNTY, GA.
1/26/2022 9:26 AM
E-FILED
BY: Monica Gay

                                        State Bar No. 835848
                                        Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923 ext. 724
F: (706) 528-5090
tim@aliawadlaw.com

[9]